UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JIMMY LEE VERNON JR #P48706 | CIVIL ACTION NO. 25-cv-1415 |
| VERSUS | JUDGE EDWARDS |
| EARNESTINE LARK | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

### Introduction

Jimmy Lee Vernon, Jr. ("Plaintiff"), a self-represented California prison inmate, filed this civil action against Earnestine Lark, the sister of his late father. Plaintiff alleges that Ms. Lark had his father execute a will and then, after his father's death, conducted a Louisiana succession that deprived Plaintiff of property that he should have inherited. For the reasons that follow, it is recommended that this civil action be dismissed for lack of subject matter jurisdiction.

### Authority to Review; Burden on Plaintiff

Plaintiff is proceeding in forma pauperis ("IFP"). The court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous. The court also has a duty to examine the basis for subject matter jurisdiction. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915. Humphries v. Various Federal U.S. INS Employees, 164 F.3d 936, 941 (5th Cir. 1999).

Plaintiff, as the party seeking to invoke the jurisdiction of the federal court, has the burden of alleging facts and otherwise establishing that jurisdiction exists. Aetna v. Hillman, 796 F.2d 770, 775 (5th Cir. 1986). The only potential grounds on which a federal court might be able to exercise subject-matter jurisdiction over a case of this kind are (1) diversity jurisdiction pursuant to 28 U.S.C. § 1332 and (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331. The court has carefully examined the complaint and determined, for the reasons that follow, that this court does not have subject-matter jurisdiction to hear Plaintiff's complaint.

**The Complaint**

Plaintiff alleges that he is a prisoner housed in Folsom, California. His complaint alleges that he is the only child and next of kin of Jimmy Lee Vernon, Sr., his father, who lived in Arcadia, Louisiana before his death in October 2020. Plaintiff alleges that "Earnestine Lark is his sister and she lives in California." Ms. Lark is accused of going to Louisiana before Mr. Vernon's death, manipulating him to execute a donation of his land to her, and preparing a will for Mr. Vernon that did not mention Plaintiff and was allegedly executed at a time when Mr. Vernon "could not see" and "was not mentally competent" due to medication taken in connection with liver failure.

Plaintiff alleges that he has learned that Ms. Lark "did a succession in Louisiana in Bienville Parish" in 2023 without notifying him. Plaintiff identifies the succession by case number. He refers to himself as his father's only child and a forced heir. Plaintiff's complaint concludes: "For the forgoing reasons, Plaintiff prays that this court grants Plaintiff's civil suit against Earnestine Lark executor and for Plaintiff's forced heirship."

**Federal Question Jurisdiction**

The first page of Plaintiff's complaint bears the caption and states: "Legacies, testament, settlement of the estate, bequests, succession, heirship, rights, right of inheiritance (sic), forced heir, federal juridiction (sic), interfere, declaratory, disposable, parties, entertain, diversity of citizenship.  See 28 U.S.C.S. 1331, 1332(a), will."

The court will first address the potential for the exercise of federal question jurisdiction under 28 U.S.C. § 1331.  The well-pleaded complaint rule determines whether a federal claim is presented in the complaint sufficient to give rise to subject-matter jurisdiction.  "Generally, under section 1331, a suit arises under federal law if there appears on the face of the complaint some substantial, disputed question of federal law." Carpenter v. Wichita Falls ISD, 44 F.3d 362, 366 (5th Cir. 1995).  There is no federal jurisdiction if the plaintiff pleads only state law causes of action.  Gutierrez v. Flores, 543 F.3d 248, 252 (5th Cir. 2008).

Plaintiff's complaint cites Section 1331 on page one, but it does not plead a federal claim elsewhere in the complaint.  The remainder of the complaint is dedicated to the factual allegations described above and a discussion of the probate exception to diversity jurisdiction, which will be discussed below.  No federal claim is asserted in the complaint, so there is no basis for the exercise of federal question jurisdiction.

**Diversity Jurisdiction**

District courts have diversity-of-citizenship jurisdiction when a lawsuit involves citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  "The party seeking to invoke

federal diversity jurisdiction has the burden to establish both of those requirements." Bank of New York Mellon as Trustee v. Riley, 2022 WL 1773364, *2 (5th Cir. 2022), citing Garcia v. Koch Oil Co. of Tex. Inc., 351 F.3d 636, 638 (5th Cir. 2003). The exercise of diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity of citizenship. That means that the citizenship of each defendant must be diverse from that of each plaintiff. Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992).

The only facts alleged in the complaint relevant to Plaintiff's citizenship suggest that he is a citizen of California. The sole address he provides is the prison where he is housed in California, and he describes himself as a ward of the State of California. There is no allegation or evidence that he is a citizen of any other state.

With respect to defendant Earnestine Lark, an act of donation executed in 2020 that is attached to the complaint listed an address for her in Arcadia, Louisiana. But a more recent 2023 probate filing in the California Superior Court indicated that Ms. Lack's home was by then in Los Angeles, California. Of course, the relevant time for determining Ms. Lack's citizenship for diversity purposes is when Plaintiff filed his complaint in 2025, Ashford v. Aeroframe Servs., L.L.C., 907 F.3d 385 (5th Cir. 2018), and he squarely alleged in that complaint that Ms. Lack "lives in California." Doc. 1, p. 2. This indicates that there is not diversity of citizenship between the only plaintiff and the only defendant, which means that the court may not exercise diversity jurisdiction.

**The Probate Exception**

Even if there were a basis for the exercise of diversity jurisdiction, the probate exception would prevent the court from exercising that jurisdiction. The Supreme Court

has stated that "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." Marshall v. Marshall, 126 S.Ct. 1735, 1748 (2006).

Plaintiff stated in his complaint that he attempted to pursue these matters via state court succession proceedings with the assistance of counsel, but the attorney withdrew from the representation (due to what the exhibits indicate was a conflict of interest). Plaintiff found it difficult to hire new counsel in the rural area, and the state court clerk of court told him that it could not provide forms for Plaintiff to proceed in that court. Plaintiff wrote, "That is why I am filing myself" in federal court. Doc. 1, p. 3.

Plaintiff apparently anticipated the potential application of the probate exception because he devoted substantial portions of his complaint to arguing that this action should fall outside the exception. His substantive allegations, however, focus on the alleged invalidity of his father's will that was apparently probated in a Louisiana state court succession. He asks that this court annul the will, set aside what was done in the state court succession, and recognize Plaintiff's alleged right to his father's property as a forced heir under Louisiana law. This is a direct attack on the validity of the will and the administration of the estate, so it falls within the probate exception to diversity jurisdiction.

**Conclusion**

Plaintiff's complaint does not satisfy his burden of presenting facts that establish a basis for this court to exercise subject matter jurisdiction over his claims. If Plaintiff wishes

to pursue his claims against his relative regarding his father's estate, he will have to do so in a state court that has jurisdiction and is a proper venue.

Accordingly,

It is recommended that Plaintiff's complaint be dismissed without prejudice for lack of subject matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2).

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th day of October, 2025.

_____
Mark L. Hornsby
U.S. Magistrate Judge